UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:22-CR-47-KAC-DCP |
| v. | ) | |
| | ) | |
| LYNARD R. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Lynard Brown's Motion to Authorize Issuance of Subpoenas for Pretrial Production of Evidentiary Material [Doc. 150], which was referred to the undersigned for disposition or recommendation [Doc. 155]. *See* 28 U.S.C. § 636(b). Defendant Brown is charged with conspiring with five named codefendants and others unnamed to distribute and possess with intent to distribute methamphetamine and fentanyl (Count One) [Doc. 3]. He is scheduled for trial on September 12, 2023 [Doc. 132]. Pursuant to Federal Rule of Criminal Procedure 17(c), Defendant asks the Court to permit a subpoena duces tecum to the records custodian of the Electronic Monitoring Unit at the William Dickerson Detention Facility, Jail Division III,[1] for electronic monitoring or tethering location data from December 2021 to June 7, 2022,[2] the date of Defendant's arrest in this case [Doc. 150 pp. 1–2]. Defendant argues this data

---

[1] Defendant does not provide an address for the jail in either the motion or the attached proposed subpoena and states only that the Electronic Monitoring Unit is "a subdivision of the Michigan Sheriffs Department" and is responsible for "track[ing] the location of certain people through their Tethering Program" [Doc. 150 p.1]. The motion does not state that Defendant Brown was monitored by the Electronic Monitoring Unit; however, the proposed subpoena requests records "relating to Lynard Brown" [Doc. 150-1 p. 1].

[2] The Court notes that the proposed subpoena requests records from "August 2021 to present," which does not match the dates in the motion.

is necessary to his defense and must be received pretrial to permit defense counsel's review for use at trial. The motion relates that the Government has no objection to the request.

Federal Rule of Criminal Procedure 17(c)(1) provides, "[a] subpoena may order [a] witness to produce any books, papers, documents, data, or other objects the subpoena designates."[3] "A subpoena duces tecum must be reasonable, specific, and the documents requested must be relevant." *United States v. Justice,* 14 F. App'x 426, 433 (6th Cir. 2001). Importantly, Rule 17(c) is not intended to be used as a discovery device. *United States v. Nixon*, 418 U.S. 683, 702 (1974); *see also United States v. Vassar,* 346 F. App'x 17, 24 (6th Cir. 2009); *Justice*, 14 F. App'x at 432. Instead, as the plain language of the rule states, the items designated in a subpoena duces tecum are to be produced *for entry into evidence*, even though the court may permit their production and inspection by the parties before the trial or proceeding at which they are to be introduced. Fed. R. Crim. P. 17(c)(1). Subpoenas duces tecum must be authorized in advance by the Court and the materials sought must be returned in open court or produced to the Court in advance of a proceeding. *United States v. Al-Amin*, No. 1:12–CR–50, 2013 WL 3865079, at *9–10 (E.D. Tenn. July 25, 2013) (observing that materials obtained through a subpoena duces tecum may not be returned to counsel's office).

The Supreme Court provided a test for courts to apply when determining whether to issue or deny a Rule 17(c) subpoena in *United States v. Nixon*, 418 U.S. 683, 699 (1974). A court should require production pursuant to a Rule 17(c) request only if the moving party shows:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial

---

[3] Although the scope of production anticipated under this Rule is broad, the Court may quash a Rule 17(c)(1) subpoena after issuing it if compliance with it "would be unreasonable or oppressive."

2

> without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.*; *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (listing the *Nixon* factors); *see also Al-Amin*, 2013 WL 3865079, at *10 ("the *Nixon* test is the appropriate standard" for issuance of a subpoena duces tecum).

Here, Defendant Brown contends the Government alleges that he was the sole provider of controlled substances to Codefendant Marshall Nicely [Doc. 150 p. 3]. Defendant seeks the "GPS monitoring/tethering data to prove his whereabouts and consequently, the nature and degree of [his] participation in the conspiracy at issue in this case by showing how many trips he made from Michigan to Tennessee and when those trips occurred" [*Id.*]. He argues that the records "may be relevant to show that he was not the sole provider of Schedule I controlled substances to co-defendant Marshal L. Nicely, which would potentially mitigate the scope of his responsibility in this conspiracy" [*Id.*].

The Court questions whether Defendant has shown that the requested records are relevant. The motion does not state that Defendant Brown was on electronic monitoring as a condition of pretrial release during the time frame of the alleged conspiracy or that he was supervised by the Electronic Monitoring Unit at the at the William Dickerson Detention Facility, Jail Division III. Nor does it allege that he was on a type of electronic monitoring that would provide location data. Assuming that Defendant was on GPS monitoring during the relevant time by the listed jail and the monitoring device produced geographical location data, Defendant provides no information that he attempted to get the requested records from the jail and was unsuccessful. In other words, he does not show the requested records "are not otherwise procurable reasonably in advance of trial by exercise of due diligence[.]" *Nixon*, 418 U.S. at 699.

The Court finds that it lacks sufficient information to determine whether a subpoena duces tecum for electronic monitoring or tethering location data is appropriate. Accordingly, Defendant is **ORDERED** to supplement his motion with the details of Defendant's electronic monitoring and information on Defendant's efforts to obtain this information without a subpoena duces tecum. Defendant's supplemental brief must be filed on or before **July 14, 2023**, and may be filed ex parte.

    **IT IS SO ORDERED**.

                                                    ENTER:

                                                    */s/ Debra C. Poplin*
                                                    Debra C. Poplin
                                                    United States Magistrate Judge